UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

BERTHA M. DOSS
201 Hyatt Lane
Morehead, KY 40351

PLAINTIFF

v.

ST. CLAIRE MEDICAL CENTER, INC.
d/b/a ST. CLAIRE REGIONAL MEDICAL CENTER
222 Medical Circle
Morehead, KY 40351

DEFENDANT

SERVE: Mark J. Neff
President/CEO
222 Medical Circle
Morehead, KY 40351

Eastern District of Kentucky
**FILED**

SEP 2 8 2012

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CAUSE NO. 0:12-cv-92-HRW

## VERIFIED COMPLAINT

\*\* \*\* \*\* \*\* \*\*

Plaintiff, Bertha M. Doss (hereinafter "Doss") for her claim for relief against Defendant, St. Claire Medical Center, Inc., d/b/a St. Claire Regional Medical Center (hereinafter "St. Claire"), states as follows:

### PARTIES AND JURISDICTION

1. Doss brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. (hereinafter "ADEA"), and the Kentucky Civil Rights Act, KRS 344.010 et seq.

2. The jurisdiction of this Court is evoked pursuant to 28 U.S.C. §1331 to secure protection of and redress deprivation of rights guaranteed by federal and state law, which provides for relief for illegal discrimination in employment.

3. Venue of this action lies in the Eastern District of Kentucky pursuant to 28 U.S.C. §1391.

4. At all times herein mentioned, Doss was an individual residing at 1182 Old Flemingsburg Road, Morehead, KY 40351.

5. At all times herein mentioned, St. Claire was an employer as defined by 29 U.S.C. §630(b), was doing business in Morehead, Kentucky, and had more than twenty employees.

6. Doss complied with the administrative prerequisites by filing a charge of discrimination with the Equal Employment Opportunity Commission on or about January 20, 2012.

7. On or about July 4, 2012, Doss received a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the Right to Sue is attached hereto as Exhibit A.

**FACTS**

8. On or about May 5, 2009, Doss was hired by St. Claire at its medical facility in Morehead, Kentucky as its Chief Certified Registered Nurse Anesthetist (hereinafter "CRNA"). At the time, Doss was working in California and moved to Morehead to begin employment at St. Claire. Doss was the first African American CRNA employed by St. Claire.

9. During her employment with St. Claire, Doss was directed by one of her supervisors to falsely document problems regarding an employee with a disability which Doss refused to do.

10. During her employment with St. Claire, Doss expressed concern about unsafe practices, including but not limited to, the improper manner that supervisors were using CRNA students at the medical center.

11. On or about March 21, 2011, in retaliation, Doss was notified that she was being terminated by St. Claire. At the time of this notification, Doss was 60 years old.

## COUNT I

12. Plaintiff reiterates and incorporates Paragraphs 1 through 11 as if fully set out herein.

13. As an African American employee, Doss was expressly protected under Title VII of the Civil Rights Act of 1964, and under the Kentucky Civil Rights Act.

14. In being terminated from her position with St. Claire, Doss was subject to discrimination in violation of Title VII of the Civil Rights Act of 1964, and the Kentucky Civil Rights Act.

15. The termination of Doss's employment was discriminatory based on reasons unrelated to legitimate business concerns, including Doss's race and sex in violation of Title VII of the Civil Rights Act of 1964, and the Kentucky Civil Rights Act.

16. As a direct and proximate result of the discriminatory conduct of St. Claire, Doss lost her employment and suffered damages, including lost wages and benefits attendant to her employment, emotional distress, embarrassment, and humiliation.

17. The acts of St. Claire were intentional, willful and malicious, entitling Doss to an award of punitive damages.

## COUNT II

18. Plaintiff reiterates and incorporates Paragraphs 1 through 17 as if fully set out herein.

19. As an African American employee over the age of 40, Doss was expressly protected under the ADEA and the Kentucky Civil Rights Act.

20. In being terminated from her position with St. Claire, Doss was subject to discrimination in violation of the ADEA and the Kentucky Civil Rights Act.

21. The termination of Doss's employment was discriminatory based on reasons unrelated to legitimate business concerns, including Doss's age, in violation of the ADEA and the Kentucky Civil Rights Act.

22. As a direct and proximate result of the discriminatory conduct of St. Claire, Doss lost her employment and suffered damages, including lost wages and benefits attendant to her employment, emotional distress, embarrassment, and humiliation.

23. The acts of St. Claire were intentional, willful and malicious, entitling Doss to an award of punitive damages.

## COUNT III

24. Plaintiff reiterates and incorporates Paragraphs 1 through 23 as if fully set out herein.

25. Doss advised St. Claire that she was being asked to falsely document problems with an employee who was disabled.

26. Doss advised St. Claire that its supervisors were allowing unsafe practices, including but not limited to improperly using CRNA students at its facility.

27. As a result of, and in retaliation for Doss making St. Claire aware of its violation of law, St. Claire wrongfully terminated Doss.

28. As a result of the conduct of St. Claire in wrongfully terminating Doss, Doss lost her employment and suffered damages, including lost wages and benefits attendant to her employment, emotional distress, embarrassment, and humiliation.

29.     The acts of St. Claire were intentional, willful and malicious, entitling Doss to an award of punitive damages.

WHEREFORE, Plaintiff, Bertha M. Doss, demands as follows:

1.     Reinstatement to her former position with St. Claire; or alternatively that she be awarded a judgment against St. Claire for compensatory damages for front pay;

2.     Judgment against St. Claire for compensatory damages, including, but not limited to back pay, embarrassment, emotional distress, and humiliation in an amount to be determined by a jury;

3.     Judgment against St. Claire for punitive damages;

4.     Trial by jury;

5.     Her costs herein expended;

6.     Reasonable attorney's fees; and

7.     All other relief to which she may appear entitled.

*Scott D. Spiegel*
Scott D. Spiegel
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
(502) 589-4215
(502) 589-4994 (fax)

5

I have read the foregoing document and the statements contained therein are true to the best of my knowledge and belief.

_Bertha M. Doss_
Bertha M. Doss

Subscribed and sworn to before me by Bertha M. Doss this _25_ day of September, 2012.

_Notary signature_
Notary Public

Commission expires: _03/21/2014_

ELIDE DURAN
Notary Public - Arizona
Pima County
My Comm. Expires Mar 21, 2014